

1  Laurence A. Weiss (Bar No. 164638)
       Laurence.Weiss@hellerehrman.com
2  HELLER EHRMAN LLP
   275 Middlefield Road
3  Menlo Park, CA  94025-3506
   Telephone:      650.324.7000
4  Facsimile:      650.324.0638

5  David B. Weinberg (D.C. Bar # 186247)
   (Pending *pro hac vice*)
6     dweinberg@wileyrein.com
   Eric Andreas (D.C. Bar # 462777)
7     eandreas@wileyrein.com
   David E. Markert (D.C. Bar #502486)
8     dmarkert@wileyrein.com
   WILEY REIN LLP
9  1776 K Street NW
   Washington, DC  20006
10 Telephone:      202.719.7000
   Facsimile:      202.719.7049

11

12 Attorneys for Intervenor-Defendant
   Makhteshim Agan of North America, Inc.

13                **UNITED STATES DISTRICT COURT**

14        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
                  **SAN FRANCISCO DIVISION**

15

16 UNITED FARM WORKERS, et al.,            )
                                           )    Case No. C 08-03595 SBA
17                                         )
                          Plaintiffs,      )
18                                         )    **[PROPOSED] ANSWER OF**
                                           )    **INTERVENOR-DEFENDANT**
19         v.                              )    **MAKHTESHIM AGAN OF**
                                           )    **NORTH AMERICA, INC. TO**
20 UNITED STATES ENVIRONMENTAL             )    **FIRST AMENDED COMPLAINT**
21 PROTECTION AGENCY,                      )
                                           )
22                                         )
                          Defendant.       )
23 _____)

24

25         Intervenor Makhteshim Agan of North America, Inc. ("MANA") answers Plaintiffs' First

   Amended Complaint for Declaratory and Injunctive Relief ("Complaint") as follows:

26         1.      Paragraph 1 consists of Plaintiffs' characterization of their claims in this lawsuit,

27 the relief they seek, and conclusions of law, to which no response is required.

28

1

2      2.      MANA admits that diazinon is an organophosphate.  MANA also admits that

3   humans and wildlife can be exposed to diazinon during and following application, but denies that

4   contamination or negative health effects occur when its diazinon products are used in accordance

5   with label directions.  MANA denies the remainder of the allegations in Paragraph 2.

6      3.      Paragraph 3 consists of Plaintiffs' characterization of the United States

7   Environmental Protection Agency's ("EPA") decision to reregister diazinon, which speaks for

8   itself, and conclusions of law; thus no response is required.

9      4.      Paragraph 4 consists of Plaintiffs' characterization of their claims in this lawsuit,

10   the relief they seek, and conclusions of law, to which no response is required.

11     5.      MANA denies the first sentence in Paragraph 5 to the extent it is contradicted by

12   Plaintiffs' statement in Paragraph 33 that EPA has initiated consultation on the effects of diazinon

13   "on listed salmon and steelhead populations, the California red-legged frog, and the Barton

14   Springs salamander."  MANA does admit that EPA has not initiated and completed consultation

15   on all listed or endangered species that might be impacted by its reregistration decision for

16   diazinon.  The remainder of Paragraph 5 consists of Plaintiffs' characterization of their claims in

17   this lawsuit, the relief they seek, and conclusions of law, to which no response is required.

18     6.      MANA denies the allegations in the first two sentences of Paragraph 6.  MANA

19   admits the remaining allegations of Paragraph 6.

20     7.      MANA is without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in Paragraph 7 and therefore denies them.

22     8.      MANA is without knowledge or information sufficient to form a belief as to the

23   truth of the allegations in Paragraph 8 and therefore denies them.

24     9.      MANA is without knowledge or information sufficient to form a belief as to the

25   truth of the allegations in Paragraph 9 and therefore denies them.

26     10.     MANA is without knowledge or information sufficient to form a belief as to the

27   truth of the allegations in Paragraph 10 and therefore denies them.

28     11.     MANA is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 11 and therefore denies them.

12.    MANA denies the allegations in Paragraph 12.

13.    MANA denies the allegations in Paragraph 13.

14.    MANA admits that EPA is a federal agency.  As to the remaining allegations in Paragraph 14, the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA") and Endangered Species Act ("ESA") speak for themselves; thus no response is required.

15.    Paragraph 15 merely cites and summarizes FIFRA, which speaks for itself; thus no response is required.

16.    Paragraph 16 merely cites and summarizes FIFRA, which speaks for itself; thus no response is required.

17.    Paragraph 17 merely cites and summarizes FIFRA and the Federal Food, Drug, and Cosmetic Act ("FFDCA"), which speak for themselves; thus no response is required.

18.    Paragraph 18 merely cites and summarizes FIFRA, which speaks for itself; thus no response is required.

19.    Paragraph 19 merely cites and summarizes FIFRA, which speaks for itself; thus no response is required.

20.    MANA admits the first two sentences of Paragraph 20.  MANA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and therefore denies them.

21.    The first sentence of Paragraph 21 merely summarizes FIFRA and the FFDCA, which speak for themselves; thus no response is required.  MANA denies the second sentence of Paragraph 21.

22.    MANA admits the allegations in Paragraph 22.

23.    Paragraph 23 consists of a conclusion of law to which no response is required.

24.    MANA denies the allegation in the first sentence of Paragraph 24.  The second sentence of Paragraph 24 purports to characterize reports which speak for themselves; thus no response is required.  MANA denies the allegations in the third sentence of Paragraph 24.

25.    Paragraph 25 merely cites and summarizes the ESA, which speaks for itself; thus

PROPOSED ANSWER
C 08-03595 SBA    - 3 -

1    no response is required.

2        26.    Paragraph 26 merely cites and summarizes the ESA and its implementing

3    regulations, which speak for themselves; thus no response is required.

4        27.    Paragraph 27 merely cites and summarizes the ESA and its implementing

5    regulations, which speak for themselves; thus no response is required.

6        28.    Paragraph 28 merely cites and summarizes the ESA, which speaks for itself; thus

7    no response is required.

8        29.    Paragraph 29 merely cites and summarizes the ESA, which speaks for itself; thus

9    no response is required.

10        30.    MANA admits that diazinon is an organophosphate insecticide and that some

11    organophosphates were developed during World War II, but denies that diazinon was developed

12    during World War II.  MANA denies the remaining allegations of Paragraph 30.

13        31.    With regard to the first and second sentences of Paragraph 31, MANA admits that

14    the domestic annual average use between 1987 and 1997 was approximately 13 million pounds,

15    but denies that the domestic annual average use of diazinon has continued at the same pace

16    following the cancellation of diazinon's residential uses in 2000.  MANA admits the third

17    sentence of Paragraph 31.

18        32.    The first, second, and third sentences of Paragraph 32 purport to cite and

19    summarize the July 2002 Interim Reregistration Eligibility Decision ("IRED") for diazinon,

20    which speaks for itself; thus no response is required.  MANA is without knowledge or

21    information sufficient to form a belief as to the truth of the allegation in the fourth sentence of

22    Paragraph 32 and therefore denies it.

23        33.    MANA admits the allegations in Paragraph 33.

24        34.    With regard to the first sentence of Paragraph 34, MANA admits that a draft

25    biological opinion was released on July 31, 2008 concerning the effects of diazinon and two other

26    pesticides on salmon and steelhead.  The remainder of Paragraph 34 merely cites and summarizes

27    the draft biological opinion, which speaks for itself; thus no response is required.

28        35.    MANA admits that extreme exposures to organophosphates, including diazinon,

PROPOSED ANSWER
C 08-03595 SBA    - 4 -

1    have been associated with some of the effects listed in the second and third sentences of

2    Paragraph 35, but deny that such exposures occur when its products are used in accordance with

3    label directions.  The fourth sentence of Paragraph 35 purports to characterize scientific studies

4    which speak for themselves and are the best evidence of their contents.

5              36.      With regard to the first, second, and third sentences of Paragraph 36, MANA

6    admits that extreme exposures to organophosphates, including diazinon, have been associated

7    with some of the effects listed, but deny that such effects occur when its products are used in

8    accordance with label directions.  Also, regarding the allegations in the third sentence of

9    Paragraph 36, MANA admits that there are studies that purport to show that diazinon has

10   sublethal effects on certain fish at low concentrations, but denies that those studies are reliable.

11   The last sentence of Paragraph 36 merely cites and summarizes the July 31, 2008 draft biological

12   opinion, which speaks for itself; thus no response is required.

13             37.      With regard to the first sentence of Paragraph 37, MANA admits that diazinon can

14   become airborne.  MANA is without knowledge or information sufficient to form a belief as to

15   the truth of the allegations in the second sentence of Paragraph 37 and therefore denies them.  The

16   last two sentences purport to characterize air monitoring studies which speak for themselves and

17   are the best evidence of their contents.

18             38.      MANA denies the first sentence of Paragraph 38.  The second and third sentences

19   merely cite and summarize the diazinon IRED and July 31, 2008 draft biological opinion, which

20   speak for themselves; thus no response is required.  Regarding the last sentence in Paragraph 38,

21   MANA admits that waterbodies have been listed as impaired due to the detection of diazinon, but

22   denies that the listings were appropriate.

23             39.      Paragraph 39 characterizes the diazinon IRED and 2004 revision to the IRED,

24   which speak for themselves; thus no response is required.

25             40.      Paragraph 40 characterizes the diazinon IRED, which speaks for itself; thus no

26   response is required.

27             41.      Paragraph 41 characterizes the diazinon IRED, which speaks for itself; thus no

28   response is required.

1

2      42.    Paragraph 42 characterizes the diazinon IRED, which speaks for itself; thus no

3   response is required.

4      43.    Paragraph 43 characterizes the diazinon IRED, which speaks for itself; thus no

5   response is required.

6      44.    MANA denies the second sentence in Paragraph 44.  The remainder of Paragraph

7   44 characterizes the diazinon IRED, which speaks for itself; thus no response is required.

8      45.    Paragraph 45 characterizes the diazinon IRED and 2004 revision to the IRED,

9   which speak for themselves; thus no response is required.

10     46.    MANA denies the allegations in Paragraph 46.

11     47.    MANA denies the allegations in Paragraph 47.

12     48.    MANA admits that the diazinon IRED was called "interim."  The remainder of

13  Paragraph 48 characterizes the Food Quality Protection Act and the EPA Memorandum

14  Finalizing IREDs for Organophosphate Pesticides, July 31, 2006, which speak for themselves;

15  thus no response is required.

16     49.    Paragraph 49 characterizes and quotes portions of FIFRA, which speaks for itself;

17  thus no response is required.

18     50.    MANA denies the allegations in Paragraph 50.

19     51.    MANA denies the allegations in Paragraph 51.

20     52.    The first sentence of Paragraph 52 characterizes and quotes portions of FIFRA,

21  which speaks for itself; thus no response is required.  The second and third sentences contain

22  conclusions of law to which no response is required.

23     53.    The first and second sentences of Paragraph 53 purport to characterize the

24  diazinon IRED, which speaks for itself; thus no response is required.  MANA denies the third

25  sentence in Paragraph 53.

26     54.    Paragraph 54 characterizes and quotes portions of the ESA, which speaks for

27  itself; thus no response is required.

28     55.    The first sentence of Paragraph 55 characterizes and quotes portions of the ESA

1  and its implementing regulations, which speak for themselves; thus no response is required.  The

2  second sentence consists of a conclusion of law to which no response is required.

3       56.    The first sentence of Paragraph 56 purports to characterize the diazinon IRED,

4  which speaks for itself; thus no response is required.  The second, third, and fourth sentences of

5  Paragraph 56 consists of conclusions of law to which no response is required.  MANA denies the

6  allegations in the last sentence of Paragraph 56.

7  **PRAYER FOR RELIEF**

8       MANA denies that Plaintiffs are entitled to the relief requested.

9  **GENERAL DENIAL**

10       Except as expressly admitted or otherwise stated herein, MANA denies each and every

11  allegation in Plaintiffs' Complaint.

12  **AFFIRMATIVE DEFENSES**

13      A.    Plaintiffs have failed to state a claim upon which relief can be granted.

14      B.    Plaintiffs lack standing to bring this case.

15      C.    This Court lacks jurisdiction over the subject matter of this case.

16      D.    Plaintiffs' claims are moot.

17       MANA reserves the right to add affirmative defenses as may be revealed during the

18  course of the litigation of this case.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1          WHEREFORE, for these reasons, MANA requests that the Court deny Plaintiffs'

2   Complaint with prejudice, that MANA be awarded its costs in this action, and that the Court grant

3   such other and further relief as may be appropriate.

4

5                                                      Respectfully submitted,

6

7                                                      HELLER EHRMAN LLP

8
                                                       By:          /s/
9   David B. Weinberg (D.C. Bar # 186247)                Laurence A. Weiss
    (Pending *pro hac vice*)                              Laurence.Weiss@hellerehrman.com
10     dweinberg@wileyrein.com                         HELLER EHRMAN LLP
    Eric Andreas (D.C. Bar # 462777)                   275 Middlefield Road
11     eandreas@wileyrein.com                          Menlo Park, CA  94025-3506
    David E. Markert (D.C. Bar #502486)                Telephone:    650.324.7000
12     dmarkert@wileyrein.com                          Facsimile:     650.324.0638
    WILEY REIN LLP
13  1776 K Street NW
    Washington, DC  20006
14  Telephone:     202.719.7000
    Facsimile:     202.719.7049
15

16
    DATED:    August 20, 2008
17
                                   Attorneys for Intervenor-Defendant
18                               Makhteshim Agan of North America, Inc.

19

20

21

22

23

24

25

26

27

28

PROPOSED ANSWER
C 08-03595 SBA    - 8 -